MaNlt, J.
 

 The case comes up to ns upon a single question, the admissibility of a deed, dated the 17th June, 1858.
 
 *425
 
 It is without a subscribing witness. The ¡Revised Code, ch. 50, sec. 13, declares that “ all sales and conveyances of slaves shall be in writing,
 
 attested by a credible witness subscribing
 
 thereto, or otherwise shall 'be'void.” The point made is, whether the deed in'-question is embraced in the class -of instruments, designated in the Code; for I suppose, it is not at all questionable, that if the instrument be void, it has no legal entitjT or validity
 
 goer se,
 
 for .any purpose. Is -it then a conveyance of slaves, -within the .purview of the Code ? It is, we think, clearly so. The suggestion that it-may be upheld as a power of attorney,'-and admissible as such, is not sound. The class of instruments, called powers of attorney, convey no legal estate, but is a mere "authority to the- attorney to sell, for and in the name of his principal.; and when he executes the power, he does it by making conveyances and acquitances in the name of the principal; and .until such execution of the power, the estate -continues in the principal. That is not the character of the -instrument before us. It purports to be a -conveyance of the legal estate in the property, (land, slaves and other personalty,) with a power to sell at private or public-sale, and apply to certain objects. It would be — if effectual for any purpose- — a transfer of the legal estate, and it is, in its tenor and significance, not the less a conveyance, because it annexes to the estate, certain trusts.
 

 This is an attempted conveyance of slaves — a power of attorney to convey is a very different thing. The former is void, if without a subscribing witness — the latter would not be. A conveyance of land would not be. Writings to convey slaves are distinguished in the law from other conveyances, and the safe-guard of subscribing witnesses, made necessary to the former. Why this is so, we are uninformed, but thus the law is written.
 

 There is no error in the judgment of the Superior Court, excluding the deed.
 

 Per Curiam,
 

 Judgment affirmed.